# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Davis, Michael Feltz, and Mark Johns, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SOH Distribution Company, Inc.,<br><br>Defendant. | No: 1:CV-09-237<br><br>Judge Christopher Conner<br><br><br><br>ELECTRONICALLY FILED<br><br><br>FILED<br>JUL 28 2009<br>PER _____ /s/ _____<br>HARRISBURG, PA.  DEPUTY CLERK |

## STIPULATED PROTECTIVE ORDER

Plaintiffs, Robert Davis, Michael Feltz and Mark Johns ("Named Plaintiffs"), and Defendant, SOH Distribution Company, Inc. ("SOH"), by and through their respective counsel and pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, hereby stipulate and agree to the following provisions, protections and procedures regarding the disclosure of information and the confidentiality of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" which may be produced or disclosed by any party or non-party during discovery or otherwise in this action.

    1.    By way of this Protective Order, the parties hereto seek to facilitate the exchange of documents, information and discovery responses, which may constitute, contain, or refer to confidential, proprietary, financial, or

1

commercially sensitive information. Such documents, information and discovery responses will be referred to herein as "confidential" information disclosed by any party during discovery or otherwise in this action.

    2.    For purposes of this Protective Order:

a. the "CONFIDENTIAL" designation shall mean that the document, information or discovery response is comprised of trade secrets, proprietary information, confidential commercial information, confidential business information, financial information or information which is not publicly known and/or is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential; and

b. the "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation shall mean that the document, information or discovery response is comprised of information that the producing party deems especially sensitive, which shall be limited to confidential research and development, technical, marketing or any other sensitive trade secret, business, financial or commercial information.

"CONFIDENTIAL" and "CONFIDENTIAL ATTORNEYS' EYES ONLY" information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been lawfully disclosed to the public or third persons in a manner making such information no longer confidential. Any and all "CONFIDENTIAL" and "CONFIDENTIAL ATTORNEYS' EYES ONLY" information produced in this matter by any party shall be used solely for the purposes of preparing for and conducting the above captioned action and shall not be used for any other purpose

whatsoever, including, but not limited to, any other litigation, or any business, commercial, governmental, judicial, or personal matter or purpose.

3. Named Plaintiffs and SOH may designate any documents, information or discovery responses as "confidential" information by placing on the face of any such document (or, with respect to a large volume of such documents, by placing on the face of the file folder, box, or other repository containing such documents), information or discovery responses the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." For the purpose of this Protective Order, the term "document" shall include all written, recorded, graphic or electronic material produced by Named Plaintiffs or SOH, whether or not it was created by Named Plaintiffs or SOH.

4. Documents, information and discovery responses designated as "CONFIDENTIAL", as well as matters or information contained therein, and any extracts or summaries thereof, shall be used only for the purpose of prosecuting or defending this action and shall be disclosed only to the persons, and under the conditions, as follows:

a. Access to documents, information and discovery responses designated as "CONFIDENTIAL" shall be limited to:

   i. Named Plaintiffs;

   ii. Representative(s), officers or employees of SOH;

3

    iii. The Court, <u>in camera</u> or under seal;

    iv. Attorneys of record and in-house counsel for the parties and any associates, paralegals or assistants of said attorneys who have been assigned to assist in this action; and

    v. Qualified persons taking testimony involving such documents, information or discovery responses and necessary stenographic and clerical personnel thereof.

b. Access to documents, information or discovery responses designated as "CONFIDENTIAL" may be disclosed to experts and consultants retained by counsel, provided that, prior to any access by any such experts or consultants, they agree to be bound by this Protective Order and execute the "Restricted Document Confidentiality Agreement," the form of which is attached hereto as Exhibit "1".

5. Documents, information or discovery responses designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY", as well as matters or information contained therein, and any extracts or summaries thereof, shall be used only for the purpose of prosecuting or defending this action, and not for any other purpose whatsoever, and shall be disclosed only to the persons, and under the conditions, as follows:

a. Access to documents, information and discovery responses designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to:

    i. The Court, <u>in camera</u> or under seal;

    ii. Attorneys of record and in-house counsel for the parties and any associates, paralegals or assistants of said attorneys who have been assigned to assist in this action; and

      iii. Qualified persons taking testimony involving such documents, information or discovery responses and necessary stenographic and clerical personnel thereof.

b. Access to documents, information or discovery responses designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed to experts and consultants retained by counsel, provided that, prior to any access by any such experts or consultants, they agree to be bound by this Protective Order and execute the "Restricted Document Confidentiality Agreement," the form of which is attached hereto as Exhibit "1".

6. Individuals permitted access to any documents, information or discovery responses designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereby agree to keep and maintain as confidential all documents, information and discovery responses so designated and not to show, convey, provide, or reveal any such documents, information or discovery responses or any parts or copies thereof, or to reveal, in writing or verbally, any matter contained therein, or any extracts or summaries thereof, to any individual or entity, including any employee, agent, or representative of any party hereto who does not otherwise have access to said documents, information or discovery responses under this Protective Order, except as required by law, court order or with the written consent of the party producing the document, information or discovery response.

7. Any "Restricted Document Confidentiality Agreement(s)" executed pursuant to Paragraph 4(b) or 5(b), above shall be retained by the party

engaging the expert and/or consultant and shall be produced to the opposing party at their request, but only upon the final resolution of this action.

8. In the event that any party wishes to submit documents, information or discovery responses designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (or any matters contained therein or any summaries thereof) to the Court, such a submission shall be filed only with expressed leave of Court and in a sealed envelope bearing the caption of this action and a notice in the following form:

> CONFIDENTIAL/CONFIDENTIAL – ATTORNEYS' EYES ONLY
> INFORMATION
> This envelope, which is being filed under seal, contains documents, information or discovery responses that are subject to a Protective Order governing the use of confidential discovery material.

Such document(s), information and/or discovery responses shall not lose their status as confidential through such use and the party filing any such documents, information and/or discovery responses shall be responsible for designating to the clerk that such documents, information and/or discovery responses are subject to this Protective Order and are to be kept under seal and shall take all steps reasonably required to protect the confidentiality of such information during and pursuant to such use.

9. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its

confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

10. The parties reserve the right to challenge the designation of a document, information or discovery response as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY". A party shall not be obliged to challenge the propriety of the designation of a document, information or discovery request as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" at the time made and a failure to do so shall not preclude a subsequent challenge thereto during this action. In the event a party objects to any such designation under this Protective Order, the objecting party shall fully state its objection(s) in a letter to counsel for the designating party, whereupon, the parties shall, within fourteen (14) days of counsel for the designating party's receipt of the letter, confer in an attempt to resolve any such objection. If the objection is not resolved as a result of the conference, the party objecting shall raise with the Court any continuing objection which it has to the designation within fourteen (14) days of the parties' conference and move the Court for an order removing the designation with respect to the challenged

document, information or discovery request. If such a motion is made, the producing party has the burden of establishing that the designation is proper under the terms of this Protective Order. If no motion is so made, the document, information or discovery request will retain its designation. Furthermore, any document, information or discovery request that has been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be treated in the manner designated until such time as the Court rules that it should not be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", or the producing party agrees to change the designation.

11. Deposition transcripts may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the time the testimony is given, or within fourteen (14) days after the transcript is received, by written notice to all counsel of record and recipients of the transcript. All transcripts shall be maintained as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for at least fourteen (14) days after their receipt, to enable a party to designate pages as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." A deponent shall not retain or copy any portions of the transcript or deposition that contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

Case 1:09-cv-00237-CCC  Document 25  Filed 07/28/2009  Page 9 of 16
Case 1:09-cv-00237-CCC  Document 24  Filed 07/28/2009  Page 9 of 16

ONLY" information not provided by the deponent or by the entity by which the deponent is employed.

12. Counsel shall be responsible for the adherence by all non-parties, permitted by this Protective Order to have access to confidential information, to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Restricted Document Confidentiality Agreement in the form attached hereto as Exhibit "1".

13. "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

a. the information was previously received or authored by the person;

b. the person is the designating party or is a director, officer or employee of the designating party; or

c. counsel for the party designating the information agrees that the information may be disclosed to the person. In the event of disclosure under this subparagraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential information.

Disclosure of information pursuant to this Paragraph shall not constitute a waiver of the confidential status of the information so disclosed.

14. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who

may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

15. Within ninety (90) days following the final resolution of this action through final settlement, or exhaustion of any rights of appeal, the parties, their counsel and others subject to the terms hereof shall be under an obligation to assemble and return to the producing party all information marked "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies thereof obtained in connection with this action, as well as any abstracts, summaries, excerpts, indices, and descriptions derived from such confidential information; alternatively, at the sole discretion of the producing party, the receiving party shall certify in writing that such confidential information has been destroyed.

16. In the event that any person or party subject to this Protective Order, having possession, custody or control of any document, information or discovery response designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that was produced by any opposing party, receives from a non-party a subpoena or other process to produce such document, information or discovery response, such person or party shall promptly notify by express mail the attorneys of record of the party claiming

such confidential treatment of the documents, information or discovery response sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena, process, or order. The party or person receiving the subpoena or other process shall make a timely objection to the production of the document, information or discovery response designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the grounds that production is prohibited by this Protective Order. The party claiming such confidential treatment of the documents, information or discovery response sought shall have the responsibility, in its sole discretion and at its own cost, to move against the subpoena or other process, or otherwise oppose entry of an order by a court compelling production of the document, information or discovery response designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In no event, shall the person or party receiving the subpoena or other process produce documents, information or discovery responses designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in response to the subpoena or other process unless and until such person or party is ordered to do so by a court, provided, however, that the person or party receiving the subpoena shall not be required by this Protective Order to do or refrain from doing anything that would or might subject it or its counsel to sanctions.

17. This Protective Order constitutes the entire agreement between the parties relating to confidentiality and supersedes any and all previous agreements and representations, written or oral, between the parties hereto, or on their behalf, relating to the subject matter hereof. It shall be amended only by a writing signed by both parties hereto.

18. It is Ordered by the Court that this Protective Order will be enforced by the sanctions as set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

19. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

20. Nothing in this Protective Order shall operate to waive the right of any party to assert objections to the discovery or to the admission into evidence on any grounds with regard to, or seek such additional protections as may be appropriate with regard to disclosure of, particular "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information or discovery responses.

Respectfully submitted:

| | |
|---|---|
| Arnold Levin, Esquire #02280<br>Charles E. Schaffer, Esquire #76259<br>Daniel C. Levin, Esquire #80013<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Telephone: (215) 592-1500<br>Facsimile: (215) 592-4669<br><br>-- and --<br><br>Clayton D. Halunen MN #219721<br>Charles V. Firth MN #0257825<br>HALUNEN & ASSOCIATES<br>80 South Eighth Street<br>1650 IDS Center<br>Minneapolis, MN 55402<br>Telephone: (612) 605-4098<br>Fax: (612) 605-4099<br><br>**ATTORNEYS FOR PLAINTIFFS**<br><br>Date: July 28, 2009 | Jennifer L. Eul<br>Attorney I.D. No. 88443<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>213 Market Street, Eighth Floor<br>Harrisburg, Pennsylvania 17101<br>Telephone: (717) 237-6000<br><br>-- and --<br><br>Joel L. Lennen<br>Attorney I.D. No. 44615<br>Jeremy L.S. Samek<br>Attorney I.D. No. 205060<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>Telephone: (412) 566-6197<br>Facsimile: (412) 566-6099<br><br>**ATTORNEYS FOR DEFENDANT, SOH DISTRIBUTION COMPANY, INC.**<br><br>Date: July 28, 2009 |

IT IS SO ORDERED:

*July 28*, 2009

ENTERED:

*[signature]*

The Honorable Christopher Conner
United States District Judge

FILED
JUL 28 2009
PER _____
HARRISBURG, PA.    DEPUTY CLERK

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Davis, Michael Feltz, and Mark Johns, individually and on behalf of all similarly situated individuals, | No: 1:CV-09-237 |
| | Judge Christopher Conner |
| Plaintiffs, | |
| v. | ELECTRONICALLY FILED |
| SOH Distribution Company, Inc., | |
| Defendant. | |

## RESTRICTED DOCUMENT CONFIDENTIALITY AGREEMENT

_____, who being duly sworn according to law, states as follows:

1. I have read the Protective Order entered in the above-captioned action, regarding the confidentiality of, and restricted use of, documents, information and discovery responses.

2. I agree to be bound by the terms of said Protective Order with regard to disclosure of any documents, information or discovery responses designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" thereunder.

3. I understand that my failure to comply with said terms may result in

1

**EXHIBIT 1**

the imposition of appropriate sanctions and/or give rise to other legal consequences, including, but not limited to, the commencement of a direct action by either party to the Protective Order against me for my failure to comply with this Restricted Document Confidentiality Agreement.

Signature:_____

Printed:_____

Title:_____

Company:_____

Dated:_____

Sworn to and subscribed before me this _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

2

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                               s/Jennifer L. Eul
                                               Counsel for SOH