IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DAVIS, MICHAEL FELTZ, MARK JOHNS, and RICHARD HOZIAN, individually and on behalf of all similarly situated individuals, | : : : : : : | Civil Action No. 1:09-CV-237<br>Civil Action No. 1:09-CV-1669<br><br>(Consolidated) |
| Plaintiffs, | : : | **FIRST AMENDED JOINT STIPULATION OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND RELEASE** |
| v. | : : : | |
| SOH DISTRIBUTION COMPANY, INC., | : : | |
| Defendant. | : : | (Judge Conner) |

-----------------------------------------------------------------

| | | |
|---|---|---|
| CHARLEE HARGIS, individually and on behalf of others similarly situated, | : : | |
| Plaintiffs, | : : : | |
| v. | : : | |
| G & A SNACK DISTRIBUTING, INC., a/k/a G and A SNACK DISTRIBUTING, INC., SOH DISTRIBUTION COMPANY, INC., and DOES 1 THROUGH 50, | : : : : : : | |
| Defendants. | : | |

This First Amended Joint Stipulation of Class and Collective Action

Settlement and Release (the "Agreement" or "Stipulation"), dated April 14, 2010,

is voluntarily made and entered into by and between Plaintiffs, Robert Davis, Michael Feltz, Mark Johns, Richard Hozian and Charlee Hargis (collectively, the "Settling Named Plaintiffs"), individually and as class representatives on behalf of the Settlement Class (as defined in Section 3 of this Agreement), and Defendants, SOH Distribution Company, Inc. ("SOH") and G&A Snack Distributing, Inc. ("G&A") (collectively, "Defendants"). The Settling Named Plaintiffs and Defendants will sometimes be referred to collectively as the "Settling Parties."

## 1.    RECITALS

1.1    Plaintiff, Robert Davis is a resident of Cook County, Illinois. Plaintiffs, Michael Feltz, Mark Johns, and Richard Hozian are residents of DuPage County, Illinois.    Plaintiff, Charlee Hargis is a resident of Orange County, California.

1.2    SOH is a Delaware corporation with its principal place of business at 1250 York Street, Hanover, Pennsylvania 17331.

1.3    G&A is a California corporation with its principal place of business at 1250 York Street, Hanover, Pennsylvania 17331.

1.4    SOH and G&A generally utilize individual distributors, who are classified as independent contractors, to deliver, merchandize and sell snack food

products manufactured by Snyder's of Hanover Manufacturing, Inc. ("Snyder's Mfg.") and others, throughout the United States.

1.5    Like all members of the Settlement Class, Settling Named Plaintiffs were or are distributors for either SOH or G&A and allege that they were misclassified as independent contractors when they should have been classified as employees, which allegation SOH and G&A deny.

1.6    On or about October 16, 2008, Robert Davis, Michael Feltz, and Mark Johns (the "Illinois Plaintiffs") filed a lawsuit against SOH and Snyder's of Hanover, Inc. ("Snyder's"), purportedly on behalf of themselves and all other individuals who were or are delivery drivers, distributors and/or independent contractors for SOH in the State of Illinois, in the United States District Court for the Northern District of Illinois, entitled *Robert Davis, Michael Feltz, and Mark Johns, individually and on behalf of all similarly situated individuals, v. SOH Distribution Company, Inc. and Snyder's of Hanover, Inc.*, No. 08-cv-5927 (the "Illinois Litigation").  Generally, in the Illinois Litigation, the Illinois Plaintiffs alleged, among other things, that individuals, who were, or are, SOH delivery drivers or distributors and/or classified as independent contractors, are owed back pay, employment benefits, contributions to retirement plans, and compensation for work-related expenses, because SOH allegedly misclassified those individuals as

3

independent contractors, rather than employees. On or about December 10, 2008, SOH and Snyder's filed a Motion to Dismiss or, in the Alternative, to Transfer Venue, asserting, among other things, that pursuant to the applicable Distributor Agreements between each of the Illinois Plaintiffs and SOH, the action was improperly commenced in the Northern District of Illinois.

1.7    In recognition of choice-of-law and venue provisions in the Distributor Agreements between the Illinois Plaintiffs and SOH, on or about February 5, 2009, the Illinois Plaintiffs stipulated to dismiss their complaint in the Northern District of Illinois and on or about February 5, 2009, filed a complaint in the United States District Court for the Middle District of Pennsylvania (the "Court") against only SOH, entitled *Robert Davis, Michael Feltz and Mark Johns, individually and on behalf of all similarly situated individuals, v. SOH Distribution Company, Inc.,* No. 1:CV-09-237 (the "Pennsylvania Litigation"). In the Pennsylvania Litigation, the Illinois Plaintiffs raised similar claims to those alleged in the Illinois Litigation and sought to raise said claims under both Pennsylvania and Illinois statutes and laws.

1.8    On or about May 5, 2009, Charlee Hargis (the "California Plaintiff") filed a lawsuit against SOH and G&A, purportedly on behalf of herself and all other individuals who were or are delivery drivers, distributors and/or independent

4

contractors for Defendants in the State of California, in the Superior Court of the State of California, entitled *Charlee Hargis, individually and on behalf of all others similarly situated, v. G&A Snack Distributing, Inc., a.k.a. G and A Snack Distributing, Inc.; SOH Distribution Company, Inc., and DOES 1 through 50,* No. 30-2009-00266882 (the "California Litigation").   Generally, in the California Litigation, the California Plaintiff alleged, among other things, that individuals, who were, or are, delivery drivers or distributors for SOH or G&A and/or classified as independent contractors, are owed back pay, employment benefits, and compensation for work-related expenses, because SOH and G&A allegedly misclassified those individuals as independent contractors, rather than employees. On or about June 9, 2009, the California Litigation was removed by Defendants to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act and thereafter, Defendants filed a Motion to Dismiss or, in the Alternative, Transfer.

1.9    On or about August 19, 2009, the parties to the California Litigation stipulated to transfer the case to the Middle District of Pennsylvania. Thereafter, as the claims in the California Litigation and the Pennsylvania Litigation are substantially similar, the Settling Parties jointly requested that the Pennsylvania Litigation and California Litigation be consolidated and the Court granted the request on or about September 16, 2009 (the "Consolidated Action").

1.10   Defendants utilize distributors and independent contractors to distribute, merchandize, and sell snack food products manufactured by Snyder's Mfg. and others in forty-two (42) states and the District of Columbia.  The Settling Parties intend to resolve and settle any and all wage or hour claims, overtime and premium rate claims, holiday claims, meal, break and rest period claims, employee compensation and benefit claims, compensation for work-related expenses claims, pension claims, punitive damages and penalties, attorneys' fees and interest claims related to distributors and/or independent contractors for SOH and G&A, and/or the alleged misclassification thereof, in all jurisdictions in which SOH and G&A sell and/or distribute products to the greatest degree possible.  For settlement purposes only and to effectuate this settlement, the Settling Named Plaintiffs, on behalf of themselves and all members of the Settlement Class, agree to and shall file a second amended complaint in the Consolidated Action, in the form attached hereto as Exhibit "1" (the "Amended Complaint"), and in the Amended Complaint allege, on their own behalf and on a class-wide basis, claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the applicable state laws in each jurisdiction in which any of the distributors and/or independent contractors for Defendants operate or operated and ERISA, 29 U.S.C. §§ 1132, *et seq.*, and for unjust enrichment.  As set forth in the Amended Complaint, the class shall include all distributors, independent contractors and independent operators who distribute

and/or sell products in any and all states in which Defendants have operated, or do operate, during the Applicable Recovery Periods (as defined in Section 3.1(a)-(i) below). Generally, the Amended Complaint asserts all claims arising from or in any manner related to the allegation that such distributors and/or independent contractors were improperly classified as independent operators, rather than employees. This includes, but is not limited to, all claims for back pay, overtime, holidays, meal, break and rest periods, employment benefits, contributions to retirement plans and compensation for work-related expenses, as well as related damages, penalties, fines, taxes, punitive damages, attorneys' fees and interest.

1.11   Contrary to the allegations in the Illinois Litigation, the Pennsylvania Litigation, the California Litigation, and the Consolidated Action (collectively referred to as the "Actions"), Defendants believe and assert that all of their distributors and independent contractors are and always have been properly classified as independent operators and have been fully and properly compensated, that no unlawful deductions have been made, and that the Actions are not suitable for class treatment. Conversely, the Settling Named Plaintiffs and their counsel ("Plaintiffs' Counsel") believe that the Actions are meritorious and may properly be prosecuted as class actions. Nevertheless, the Settling Parties have agreed to enter into this Agreement to avoid the risks, costs, and delays associated with further litigation.

1.12   This Agreement is the product of lengthy and often contentious negotiations over the course of many months.   These negotiations included two formal mediation sessions held on June 30, 2009, and August 11, 2009, with Carol Wittenberg, a well-respected mediator.   The mediation resulted in a settlement in principle that formed the basis for the settlement memorialized in this Agreement. The Settling Parties have also engaged in lengthy and numerous settlement discussions outside of the formal mediation sessions.   At all times, the settlement negotiations have been adversarial, non-collusive, and at arm's length.

1.13   The Settling Parties have conducted informal discovery, including exchanging detailed information concerning the claims, defenses, and alleged damages at issue. The Settling Named Plaintiffs and Plaintiffs' Counsel have also done their own investigation and are sufficiently familiar with the facts of this case and the applicable federal and state laws to make an informed judgment as to the fairness of this Agreement.   The Settling Named Plaintiffs and Plaintiffs' Counsel have concluded that the settlement set forth in this Agreement is fair, reasonable, and in the best interests of all the members of the Settlement Class.

1.14   The Settling Parties are desirous of settling all claims which were brought or could have been brought in the Actions by Settling Named Plaintiffs and/or the other members of the Settlement Class and/or which have been brought

or could be brought by Settling Named Plaintiffs and/or the other members of the Settlement Class relating to their classification as distributors and/or independent contractors by Defendants.

## 2.   CONDITIONS PRECEDENT TO EFFECTIVENESS OF AGREEMENT

2.1   This Agreement will become final and effective only upon the occurrence of all of the following events:

(a)   The Court enters an order, in a form substantially similar to Exhibit "2" hereto, preliminarily approving the terms contained in this Agreement and certifying the Settlement Class as defined in Section 3 of this Agreement (the date that the Court enters this order shall be referred to as the "Preliminary Approval Date");

(b)   The Court enters an order granting final approval of the settlement set forth in this Agreement ; and

(c)   The Effective Date occurs. The "Effective Date" shall be the later of: (i) the expiration of the time to appeal or to seek permission to appeal or seek other judicial review of the entry of the final order approving the settlement set forth in this Agreement, with no appeal or other judicial review having been taken or sought; or (ii) if an appeal or other judicial review has been taken or sought, the date the final order is finally affirmed or the appeal or request for judicial review has been dismissed, with no possibility of subsequent appeal or other judicial review therefrom.

2.2   The Settling Parties, and their respective counsel, shall cooperate with each other and do all things reasonably necessary to jointly obtain preliminary approval of the settlement set forth in this Agreement; to jointly obtain final approval of said settlement; to protect and support said settlement if an appeal is taken or any other form of judicial review is sought; and to otherwise ensure that the Effective Date occurs.  The Settling Parties hereby waive their right to appeal

or seek other judicial review of any order that is materially consistent with the terms of this Agreement. In other words, the effectuation and binding nature of this Agreement is not contingent on the Court awarding a specific amount of attorneys' fees, litigation expenses, or enhanced awards. Notwithstanding the foregoing, Co-Class Counsel (as defined in Section 3.2 below) shall have the right to appeal any award of attorney's fees, litigation expenses, or enhanced awards to the Settling Named Plaintiffs that is less than the amounts provided in Sections 5 and 6 below, but any such appeal, if taken, or the outcome thereof, shall not otherwise affect the binding nature of this Agreement, including but not limited to the release set forth in Section 10.

## 3.   **CLASS CERTIFICATION**

3.1   Solely for the purpose of effectuating this Agreement, and subject to approval by the Court, the Settling Parties hereby stipulate to, and agree to jointly move the Court for, class certification of a settlement class ("Settlement Class") comprised of all individuals who, through a contract with a Defendant or otherwise, are or were contractually engaged and/or otherwise operated as delivery drivers, distributors and/or independent contractors for SOH or G&A, and who were classified as "independent contractors" or "independent operators," (collectively, the "Covered Positions") anywhere in the United States at any time

during the following time periods (collectively referred to as the "Applicable Recovery Periods"):

(a)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the State of Illinois, the Applicable Recovery Period is from October 16, 2004 through and including the Preliminary Approval Date;

(b)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the State of California, the Applicable Recovery Period is from the date that is four years prior to February 4, 2009 through and including the Preliminary Approval Date;

(c)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the States of Alabama, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Iowa, Idaho, Indiana, Kansas, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Jersey, New Mexico, Nevada, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Virginia, West Virginia, Wisconsin or the District of Columbia, the Applicable Recovery Period is from the date that is three years prior to February 4, 2009 through and including the Preliminary Approval Date;

(d)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the States of Arizona, Texas, or Utah, the Applicable Recovery Period is from the date that is four years prior to February 4, 2009 through and including the Preliminary Approval Date;

(e)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the States of Kentucky or Montana, the Applicable Recovery Period is from the date that is five years prior to February 4, 2009 through and including the Preliminary Approval Date;

(f)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the States of Maine or New York, the Applicable Recovery Period is from the date that is six years prior to February 4, 2009 through and including the Preliminary Approval Date;

(g)     For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position in the State of Wyoming, the Applicable Recovery Period is from the date that is eight years prior to February 4, 2009 through and including the Preliminary Approval Date; and

(h)   For those individuals who, through a contract with a Defendant or otherwise, performed or perform in a Covered Position anywhere in the United States and who have a claim under or pursuant to the FLSA, the Applicable Recovery Period is from the date that is three years prior to February 4, 2009 through and including the Preliminary Approval Date.

3.2   Solely for the purpose of effectuating this Agreement, and subject to approval by the Court, the Settling Parties stipulate that the law firms of Halunen & Associates, 80 South Eighth Street, 1650 IDS Center, Minneapolis, Minnesota 55402, and Levin Fishbein Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, Pennsylvania 19106, be appointed as Co-Class Counsel for the Consolidated Action and the Settlement Class ("Co-Class Counsel").  Co-Class Counsel shall be responsible for delegating work among Plaintiffs' Counsel to carry out the settlement set forth in this Agreement, receiving and distributing to Plaintiffs' Counsel any orders or other communications from the Court, responding to inquiries from the Court about the settlement as set forth in this Agreement, and jointly conveying to Defendants and the Claims Administrator, Plaintiffs' Counsel's instructions concerning the distribution of any attorney's fees, litigation expenses, or enhancements that may be awarded by the Court.

3.3   Solely for the purpose of effectuating this Agreement, and subject to approval by the Court, Plaintiffs, Robert Davis, Michael Feltz, Mark Johns, Richard Hozian, and Charlee Hargis shall be appointed as class representatives of the Settlement Class.

3.4     Subject to approval by the Court, the Settling Parties agree that CAC Services Group, LLC, 1551 Southcross Drive W., Burnsville, Minnesota 55306, will be appointed as the "Claims Administrator." The Claims Administrator shall be responsible for mailing the class notices; receiving and logging the Claim Forms and Requests for Exclusion (as each is defined in Section 8.2 of this Agreement); researching and updating addresses through skip-traces and similar means; answering questions from the members of the Settlement Class; reporting on the status of the claims administration to the Settling Parties; preparing a declaration regarding its due diligence in the claims administration process; providing the Settling Parties with data regarding the filing of Claim Forms and Requests for Exclusion; distributing settlement checks; reporting and paying, as necessary, applicable taxes on settlement payments; and doing such other things as the Settling Parties may direct.

3.5     The Settling Parties agree that failure to obtain final certification and approval of the Settlement Class, as defined in this Agreement, and the settlement shall cause this Agreement to be invalid and unenforceable. If this Agreement fails to be valid and enforceable or is terminated as provided herein, the Settling Parties will not be deemed to have waived, limited, or affected, in any way, any of their claims or defenses in the Actions, including, but not limited to, any objection to the certification of a class.

## 4.   SETTLEMENT PAYMENTS

4.1   Not later than fifteen (15) court days following the Effective Date, Defendants shall deposit the total sum of ten million dollars and no cents ($10,000,000.00) (the "Gross Settlement Sum") into a segregated settlement account ("Settlement Fund") at a qualified United States bank as jointly selected by the Settling Parties.   The Claims Administrator shall have access to the Settlement Fund and pay all monies payable in connection with this Agreement from the Gross Settlement Sum deposited in the Settlement Fund.   This Agreement, after the Effective Date, is non-reversionary and, thus, regardless of the number of members of the Settlement Class who return Claim Forms, no portion of the Gross Settlement Sum will revert to Defendants.

4.2   (a)   The Gross Settlement Sum shall be used to pay:

(1)   The timely and valid claims of the members of the Settlement Class, as provided herein;

(2)   Any applicable taxes owed on payments of settlement monies;

(3)   The costs and fees of the Claims Administrator;

(4)   Plaintiffs' counsels' attorney's fees, costs, and litigation expenses, as provided in Section 5 and as approved by the Court; and

(5)   The enhanced awards to the Settling Named Plaintiffs for their services as class representatives, as provided in Section 6 and as approved by the Court.

(b)   The Additional Net Settlement Sum (as defined in Section 7.2(b) of this Agreement) shall be used to pay, in addition to a portion of the Net

14

Settlement Sum (as defined in Section 7.1 of this Agreement), the portion of penalties owed to the California Labor Workforce and Development Agency ("LWDA") for settlement of claims for penalties under California Labor Code § 2699, the California Private Attorneys General Act of 2004 ("PAGA").

4.3    The Settling Parties understand and agree that Plaintiffs, other members of the Settlement Class and Plaintiffs' Counsel shall be solely responsible for the payment of any and all applicable federal, state and local taxes resulting from any payments received or made under this Agreement, and in no event, shall Defendants be liable to pay any such taxes or any monies in connection with this Agreement in addition to the $10,000,000.00 Gross Settlement Sum. Fifty percent (50%) of each settlement payment to a member of the Settlement Class shall be classified as compensation and fifty percent (50%) of each settlement payment shall be classified as cost reimbursements, interest, and penalties.

4.4    No later than twenty (20) days after the Effective Date, the Claims Administrator shall pay from the Additional Net Settlement Sum, the sum of Ten Thousand Dollars and no cents ($10,000) to the LWDA, which represents the portion of penalty payments owed to the LWDA in connection with the settlement of Settlement Class members' PAGA claims (the "PAGA Payments").

## 5.   ATTORNEYS' FEES AND LITIGATION EXPENSES

5.1   In conjunction with the filing of the motion for final approval of the settlement set forth in this Agreement, Co-Class Counsel will file a motion for an award of attorney's fees, which amount shall not exceed twenty-five percent (25%) of the Gross Settlement Sum ($2,500,000.00) ("Proposed Attorney's Fees"), plus actual litigation expenses that have been or will be incurred in the Actions, which expenses shall not exceed Twenty-One Thousand Dollars ($21,000) ("Proposed Litigation Expenses").   These amounts shall cover all work performed and all expenses incurred, or to be incurred, in the Actions by Plaintiffs' Counsel. Defendants agree that they will not oppose such a motion for Proposed Attorneys' Fees and Proposed Litigation Expenses.

5.2   Unless otherwise ordered by the Court, not later than twenty (20) court days following the Effective Date and approval by the Court, the Claims Administrator shall pay to Co-Class Counsel, from the Gross Settlement Sum, the attorney's fees and litigation expenses awarded by the Court.   Payment shall be made by check, by wire transfer, or by some combination thereof, at the joint direction of Co-Class Counsel. Defendants, through the Claims Administrator, will issue to Co-Class Counsel an IRS Form 1099 for any attorney's fees and litigation expenses paid under this Section.

## 6.    ENHANCED AWARDS TO THE SETTLING NAMED PLAINTIFFS

6.1    In conjunction with the filing of the motion for final approval of the settlement set forth in this Agreement, Co-Class Counsel will file a motion requesting an enhanced award of up to seven thousand five hundred dollars and no cents ($7,500.00) to each of the Settling Named Plaintiffs ("Proposed Enhanced Awards") to compensate the Settling Named Plaintiffs for the time they spent, and the risk they undertook, in prosecuting the Actions.  These Proposed Enhanced Awards are separate from and in addition to the shares of the Gross Settlement Sum that the Settling Named Plaintiffs may be eligible to receive as members of the Settlement Class.  Defendants agree that they will not oppose such a motion.

6.2    Unless otherwise ordered by the Court, not later than twenty (20) court days following the Effective Date and approval by the Court, the Claims Administrator shall pay to the Settling Named Plaintiffs, from the Gross Settlement Sum, the Proposed Enhanced Awards, if any, approved by the Court. Defendants, through the Claims Administrator, will issue each Settling Named Plaintiff an IRS Form 1099 for any award paid under this Section.

## 7.    ALLOCATION OF THE SETTLEMENT

7.1    The "Net Settlement Sum" means the Gross Settlement Sum less the Proposed Attorney's Fees, Proposed Litigation Expenses, the Proposed Enhanced Awards, and the fees and costs of the Claims Administrator.

7.2    The Net Settlement Sum shall be allocated as follows:

(a)    Ninety-Five percent (95%) of the Net Settlement Sum shall be allocated among the entire group of the members of the Settlement Class on a pro rata basis pursuant to the provisions of Sections 8 and 9 of this Agreement (the "Group Net Settlement Sum").

(b)    Five percent (5%) of the Net Settlement Sum shall be allocated to the members of the Settlement Class who, through a contract with a Defendant or otherwise, performed in a Covered Position in the State of California, during the Applicable Recovery Period, on a pro rata basis pursuant to the provisions of Sections 8 and 9 of this Agreement, to compensate those individuals for the release of additional wage and hour claims and remedies available only under the laws of the State of California (the "Additional Net Settlement Sum").   The Additional Net Settlement Sum shall also be used to make the PAGA Payment.

7.3    Any Net Settlement Sum unclaimed for a period of 180 days after mailing of settlement checks to the members of the Settlement Class shall be, subject to Court approval, used to pay any unfunded and outstanding costs of settlement administration, and any amounts remaining thereafter shall be donated, in the name of SOH and G&A, to The Employee Rights Advocacy Institute For Law & Policy.

7.4    The above-described allocation of the Net Settlement Sum shall be performed solely by the Claims Administrator with input and direction from Co-Class Counsel and Defendants, and is subject to Court approval.  Defendants will cooperate with Co-Class Counsel and the Claims Administrator in providing reasonable information from Defendants' records for purposes of determining the values to be used in calculating each member of the Settlement Class's share of the Net Settlement Sum.

## 8.   **CLAIMS PROCEDURE**

8.1   Not later than ten (10) calendar days following the filing with the Court of the motion seeking preliminary approval of this Agreement, the Claims Administrator, working with counsel for Defendants, shall notify the U.S. Attorney General, and as appropriate, the department of labor or state attorney general (or functional equivalent, regardless of title) in each state and territory in which a potential member of the Settlement Class resides, of the existence of the settlement set forth in this Agreement.   The Claims Administrator shall document all efforts under this Section 8.1, and shall provide the Court, Co-Class Counsel, and Defendants' counsel with a declaration certifying its compliance no later than five (5) business days after each such mailing is complete.   Wherever necessary or appropriate, Co-Class Counsel and Defendants will assist the Claims Administrator by providing information which is necessary for the preparation of the notice required by this Section 8.1.   Said notice shall include:

(a)   All current and former complaints in the Actions;

(b)   A schedule of upcoming judicial hearings in the Consolidated Action;

(c)   The Notice of Class Action Settlement;

(d)   A true and correct copy of this Agreement; and

(e)   An estimate of the number of members of the Settlement Class who reside in the jurisdiction of the entity or agency receiving the notice, and the estimated proportionate share of the entire settlement being offered to those individuals.

8.2    (a)    Not later than twenty (20) court days following the Preliminary Approval Date, Defendants will provide to the Claims Administrator an electronic database containing the following information for each known, potential member of the Settlement Class: (1) the person's full name, (2) last-known address contained in Defendants' records, (3) last-known telephone number, if any, contained in Defendants' records, (4) for each state or territory in the United States in which he or she performed distribution or sales services in a Covered Position, the years that he or she performed such services in that state or territory in a Covered Position during the Applicable Recovery Period, and (5) the total dollar amount of product purchased by such person from Defendants during the Applicable Recovery Period.    Defendants agree to consult with the Claims Administrator prior to the production date to ensure that the format of the database is acceptable to the Claims Administrator, and will reasonably cooperate and provide any information that the Claims Administrator reasonably may need to carry out its duties under this Agreement.

(b)    Additionally, Defendants will provide to the Claims Administrator, as reasonably necessary to seek to locate a potential member of the Settlement Class and/or to prepare needed tax documents, the social security number of the potential member of the Settlement Class.    The Claims Administrator, as well as Co-Class Counsel, shall maintain the confidentiality of any social security number so

provided.   Furthermore, the social security numbers provided by Defendants, if any, shall not be set forth in any court pleadings or otherwise filed with the Court.

8.3    Not later than twenty (20) court days following the date on which it receives the electronic database referenced in Section 8.2, the Claims Administrator shall mail to each member of the Settlement Class, the Court-approved Notice of Class Action Settlement (Exhibit "3"), Claim Form (Exhibit "4"), Request for Exclusion (Exhibit "5"), and a postage pre-paid return envelope (collectively the "Settlement Documents") to that person's last-known address. Prior to the mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address ("NCOA") database.   In the event of an inconsistency between Defendants' database and the NCOA database, the Claims Administrator shall mail the Settlement Documents to both addresses.

8.4    If any Settlement Documents are returned to the Claims Administrator as undeliverable, the Claims Administrator shall immediately perform a skip-trace and/or other customary address search in an attempt to locate a valid address, and if a new address is obtained, re-mail the Settlement Documents to that address. The Claims Administrator shall take such further steps as are reasonable and expedient in the Claims Administrator's judgment to provide notice to all members of the Settlement Class.

8.5     In order to receive a share of the Net Settlement Sum, each member of the Settlement Class must fully and properly complete a Claim Form and return that form by mail to the Claims Administrator not later than forty-five (45) days following the date of mailing of the Notice of Class Action Settlement, unless that deadline is extended as provided in this Section.  The date of return of a Claim Form shall be the date that the Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark.  The Claims Administrator shall review each Claim Form for timeliness and completeness.  In the event that a Claim Form is timely, but is not complete or is otherwise deficient, the Claims Administrator shall immediately notify the member of the Settlement Class about the deficiency, and the member of the Settlement Class shall have until sixty (60) days following the date of mailing of the Notice of Class Action Settlement to cure the deficiency. Unless otherwise ordered by the Court, any member of the Settlement Class who fails to submit a timely and complete Claim Form pursuant to this Section shall not receive a share of the Net Settlement Sum. Any dispute about the timeliness or completeness of any Claim Form that cannot be resolved by agreement of the Settling Parties shall be submitted to the Court for resolution via a noticed motion.

8.6     Each Claim Form will be pre-printed with the dates (years) the particular member of the Settlement Class served in a Covered Position in each state or territory in the United States during the Applicable Recovery Period(s)

22

("Dates of Service"), the amount of product purchases credited to that member of the Settlement Class during the Applicable Recovery Period(s) ("Product Purchase Amount"), and an estimate of the Settlement Class member's Individual Settlement Payment (as defined in Section 9.2 below) assuming all members of the Settlement Class return valid and timely Claim Forms.

8.7    If a member of the Settlement Class disagrees with the statement of the Dates of Service or the Product Purchase Amounts pre-printed on his or her Claim Form, said individual must write what the Settlement Class member believes to be the appropriate Dates of Service or Product Purchase Amounts on the Claim Form and thereafter, return the Claims Form and evidence to support his or her claim (which may include, but is not necessarily limited to, receipts or other evidence of products purchased) to the Claims Administrator.   The Dates of Service and Product Purchase Amounts listed on the Claim Form are presumed to be accurate unless the Settlement Class member proves otherwise.  In the event of any dispute over an individual's Dates of Service or Product Purchase Amounts, Co-Class Counsel and Defendants shall meet and confer in good faith in an attempt to resolve the dispute, and if the dispute cannot be resolved, it shall be submitted to the Claims Administrator for a binding, non-appealable final determination.

8.8    Any member of the Settlement Class who wishes to be excluded from the settlement set forth in this Agreement must fully and properly complete the Request for Exclusion and return that form by mail to the Claims Administrator not later than forty-five (45) days following the date of mailing of the Notice of Class Action Settlement.   The date of return of a Request for Exclusion shall be the date that the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark.   The Claims Administrator shall review each Request for Exclusion for timeliness and completeness.   Any member of the Settlement Class who submits a timely and complete Request for Exclusion shall receive no share of the Net Settlement Sum, but also shall not be bound by the release of substantive rights as set forth in Section 10.   If a member of the Settlement Class submits both a timely Claim Form and a timely Request for Exclusion, the Claims Administrator will promptly attempt to contact that individual to ascertain his or her intent, and if those efforts are unsuccessful, whichever document was mailed later will govern, and if both documents were mailed simultaneously, or the sequence of mailings cannot be determined, then the Claim Form shall govern.

8.9    Any member of the Settlement Class who wishes to object to the settlement set forth in this Agreement must file a written objection with the Court, with copies to the Claims Administrator, Co-Class Counsel, and Defendants' counsel, not later than forty-five (45) days following the date of mailing of the

Notice of Class Action Settlement.   The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.   Unless otherwise ordered by the Court, members of the Settlement Class shall not be entitled to be heard at the final approval hearing unless they have submitted a timely written objection pursuant to this Section.

8.10   Neither Defendants nor Plaintiffs will discourage members of Settlement Class from filing Claim Forms nor encourage those individuals to file Requests for Exclusion.   Defendants shall have the right, but not the obligation, to encourage members of the Settlement Class to participate in the settlement by filing Claim Forms.

8.11   Defendants, in their sole and independent discretion, shall have the right, but not the obligation, to withdraw from this Agreement, and the settlement set forth herein, if seven percent (7%) or more of the members of the Settlement Class file timely and valid Requests for Exclusion.   Defendants must provide notice of their intent to exercise this right, if at all, no later than five (5) court days prior to the final approval hearing.

## 9.   PAYMENTS TO SETTLEMENT CLASS MEMBERS

9.1   Members of the Settlement Class who return timely and valid Claim

Forms as provided in Section 8 above shall be referred to as "Participating Class

Members."

9.2   The Claims Administrator, in consultation with the Settling Parties

and their respective counsel, shall calculate each Participating Class Member's

"Individual Settlement Payment" as follows:

(a)   The Individual Settlement Payment shall be the sum of the payments payable from the Group Net Settlement Sum and the Additional Net Settlement Sum, if applicable.

(b)   To determine each Participating Class Member's share of the Group Net Settlement Sum, the Claims Administrator shall first calculate the total sum of the dollar amount of all products purchased by all Participating Class Members from Defendants during the Applicable Recovery Periods (the "Total Participating Claimant Sum"). The Claims Administrator shall then calculate a "Pro Rata Share" for each Participating Class Member by dividing the amount of product the individual purchased from Defendants during the Applicable Recovery Period by the Total Participating Claimant Sum. The resulting percentage, or "Pro Rata Share," shall be used to calculate the portion of the Participating Class Member's Individual Settlement Payment to be paid from the Group Net Settlement Sum.   For example, if a Participating Class Member's Pro Rata Share of product purchases equals 3% of the Total Participating Claimant Sum, that person's portion of the Individual Settlement Payment payable from the Group Net Settlement Sum shall be the amount that is 3% of the Group Net Settlement Sum.

(c)   If a Participating Class Member is entitled to a share of the Additional Net Settlement Sum, the Claims Administrator shall first calculate the total sum of the dollar amount of all products purchased by all Participating Class Members who performed in a Covered Position for Defendants in the State of California during the Applicable Recovery Period, less the PAGA Payment (the "Additional Purchase Sum"). The Claims Administrator shall then calculate the "Additional Pro Rata Share" for each Participating Class Member entitled to such a share by dividing the amount of product the individual purchased from Defendants during the Applicable Recovery Period by the Additional Purchase Sum.   The resulting percentage, or "Additional

Pro Rata Share," shall be used to calculate the portion of the Participating Class Member's Individual Settlement Payment to be paid from the Additional Net Settlement Sum, less the PAGA Payment.  For example, if a Participating Class Member's Additional Pro Rata Share of product purchases equals 3% of the Additional Purchase Sum, that person's portion of the Individual Settlement Payment payable from the Additional Net Settlement Sum, less the PAGA Payment, shall be the amount that is 3% of the Additional Net Settlement Sum, less the PAGA Payment.

9.3   After the deadline for filing claims has passed, the Claims Administrator, in consultation with the Settling Parties, will make the Net Settlement Sum available for distribution in accordance with this Section.

9.4   Not later than fifteen (15) court days in advance of the final approval hearing, the Claims Administrator shall provide a report (the "Payment Report") to Co-Class Counsel and counsel for Defendants listing the following information for each Participating Class Member: (a) the individual's full name; (b) last-known address, updated as necessary through the claims process; and (c) the Individual Settlement Payment for that individual.   In addition, not later than fifteen (15) court days in advance of the final approval hearing, the Claims Administrator shall provide a report (the "Exclusion Report") listing the full name of each member of the Settlement Class who submitted a timely and valid Request for Exclusion.  The Exclusion Report shall be attached as an exhibit to the proposed order granting final approval.

9.5   Not later than thirty (30) court days following the Effective Date, the Claims Administrator shall prepare a settlement check for each Participating Class

Member in the amount of that individual's Individual Settlement Payment. Not later than fifteen (15) court days following its preparation of said settlement checks, the Claims Administrator shall mail the same to the Participating Class Members at their last-known addresses as reflected in the Payment Report. In the event that any settlement check is returned to the Claims Administrator as undeliverable, the Claims Administrator shall attempt to contact the Participating Class Member by telephone, or if necessary, perform a skip-trace or other customary means to locate a new address. If a new address is located, the Claims Administrator shall immediately re-mail the settlement check. If the Claims Administrator cannot reach the Participating Class Member by telephone and cannot locate a new address, the Claims Administrator shall immediately notify Co-Class Counsel and counsel for Defendants and shall hold the settlement check until it is claimed.

9.6   Any settlement check that is not cashed within one hundred and twenty (120) days of its mailing by the Claims Administrator shall be void. Notwithstanding the preceding sentence, if, within the next sixty (60) days following the expiration of a check, a Participating Class Member demonstrates to the reasonable satisfaction of the Claims Administrator that he or she had good cause for failing to cash the check within the initial one hundred and twenty (120) day period, then the Claims Administrator will promptly reissue the check. In no

event shall the Claims Administrator be required to reissue any checks after more than one hundred and eighty (180) days have passed from the mailing of the check. Notwithstanding anything in this Agreement to the contrary, all funds left unclaimed one hundred and eighty (180) days after the mailing of the settlement checks shall be allocated pursuant to Section 7.3 of this Agreement.

## 10.   WAIVER, RELEASE, AND DISMISSAL OF CLAIMS

10.1   The Settlement Class, including without limitation the Settling Named Plaintiffs, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, hereby forever releases, discharges, and covenants not to sue SOH, G&A, Snyder's and Snyder's Mfg., their predecessors, parents, subsidiaries, affiliates, and related companies, and all of their respective past, present and future employees, directors, officers, shareholders, attorneys, representatives, insurers, agents, successors, and assigns (individually and collectively "Releasees"), from and with respect to any and all wage and hour claims, overtime claims, holiday and vacation pay claims, pension claims, benefit claims, cost recovery or reimbursement claims, causes of action, suits, liabilities, claims, demands, damages, debts, interest, costs, penalties, insurance payments, taxes and expenses of whatever kind and nature, including, but not limited to, attorneys' fees, whether known or unknown, whether in contract, tort, fraud, equity or otherwise, whether statutory or common law,

whether arising under any federal, state or local law, statute or regulation, whether for compensatory, special, punitive or other damages, from the commencement of the Applicable Recovery Period through and including the Preliminary Approval Date (the "Applicable Release Period"), which the Settlement Class, or individual members thereof, has, had, or hereafter may claim to have, against the Releasees, or any of them, which are based on or arise from: (1) the claims alleged, or which could have been alleged, in the Actions, as amended; (2) any claim for unpaid wages, overtime or benefits, including, but not limited to, pension benefits, or for missed meal, break or rest periods, based on the Settlement Class members' alleged misclassification as independent contractors while performing services for Defendants in a Covered Position; (3) any claim for improper deductions from payments to the members of the Settlement Class while performing services for Defendants in a Covered Position or for failure to reimburse expenses that were incurred by Settlement Class members while performing services for Defendants in a Covered Position; (4) any claim for failure to make accurate payments that are derivative of, or in any way related to, any wage and hour, overtime, benefit or other claims based on the Settlement Class members' alleged misclassification as independent contractors; (5) any other claim allegedly arising from the Settlement Class members' alleged misclassification as independent contractors while performing services for Defendants in a Covered Position; and (6) any penalty,

interest, taxes or additional damages or costs which arise from or relate to the claims described in (1) through (5) above under applicable federal, state or local laws, statutes or regulations (collectively, the "Released Claims").

10.2    The release of claims set forth in Section 10.1 is intended as a complete and full release of the Released Claims.  In furtherance of this intention, members of the Settlement Class expressly waive any rights or protections under any federal, state or local law, statute, regulation, legal doctrine, or other authority that restricts the release of unknown claims, including, but not limited, to Section 1542 of the California Civil Code (and any other similar state statute). Section 1542 states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.3    Notwithstanding any other provision of this Agreement, including without limitation Section 10.1, the Released Claims shall not include claims under the FLSA arising from a Settlement Class member's services for Defendants in a Covered Position outside the State of California unless that member of the Settlement Class has affirmatively opted-in to the Actions by submitting a timely and valid Claim Form, as provided in Section 8.5; provided, however, that, as

described in Section 13.3, members of the Settlement Class who performed services for Defendants in a Covered Position outside the State of California who neither submit a timely Claim Form nor a timely Request for Exclusion shall forfeit, release, and waive all rights to bring or participate in a collective or class action under the FLSA against Releasees for the time period covered by the Actions (*i.e.*, from three years prior to February 4, 2009 through and including the Preliminary Approval Date), though said individuals will have the right to pursue an individual cause of action under the FLSA.

## 11.   <u>FAILURE OF SETTLEMENT</u>

11.1    If the Settling Parties comply with their obligations as set forth in this Agreement, but (1) the Court nevertheless enters a final order disapproving the settlement set forth in this Agreement, or (2) the appellate court overturns the settlement set forth in this Agreement in a final decision that is not subject to further appeal or judicial review, or (3) Defendants exercise their right to withdraw from the Agreement pursuant to Section 8.11 above, then the following shall occur:

(a)    The Amended Complaint shall be withdrawn;

(b)    This Agreement shall be rescinded and shall be without legal effect or import of any kind, including, without limitation, having no effect on, or relevance to, any future attempt by the Settlement Class to certify one or more classes for litigation purposes;

(c)    All funds in the Settlement Fund shall remain the property of SOH and G&A;

32

(d)   Defendants and the Settling Named Plaintiffs shall litigate the Consolidated Action as if this Agreement and the filing of the Amended Complaint had never occurred, or Settling Named Plaintiffs may move the Court for leave to amend the complaints. In either event, the litigation will proceed without prejudice to, or waiver of, any claims or defenses that Plaintiffs or Defendants may have, including, but not limited to, objections to class certification, and nothing in this Agreement shall be construed as a determination, admission, or concession of any issue in the Actions, and/or this Agreement. Furthermore, this Agreement, the contents thereof, and/or any information which was disclosed or exchanged during the settlement process may not be offered into evidence in any trial on the merits of the claims asserted in the complaints filed in the Actions or in any subsequent pleading; and

(e)   Defendants on the one hand, and the Settling Named Plaintiffs on the other, shall each be responsible for one-half of the fees and costs of the Claims Administrator incurred through that date.

## 12.   DISCLOSURE

12.1   The Settling Named Plaintiffs, Co-Class Counsel, all other Plaintiffs'

Counsel, Defendants, and Defendants' counsel agree that they may issue a joint

press release, which must be satisfactory to all parties, regarding the settlement or

this Agreement as a means to provide further notice to the Settlement Class. The

Settling Named Plaintiffs, Co-Class Counsel, all other Plaintiffs' Counsel, and

Defendants' counsel also agree that they will take no other action, directly or

indirectly, to publish the settlement of the Actions including issuing any individual

press release(s), holding a press conference or commenting on the Actions at any

seminar or in any other public forum. Notwithstanding the above, Co-Class

Counsel and Defendants' counsel may file, with the Court, this Agreement and its

exhibits and all other documents necessary to effectuate the settlement of the

Actions, and Co-Class Counsel may (1) issue the Notices and Claim Forms to

members of the Settlement Class, (2) provide to the Claims Administrator all information necessary to fulfill its duties, and (3) respond to inquiries from members of the Settlement Class.

12.2   The Settling Named Plaintiffs, Co-Class Counsel, all other Plaintiffs' Counsel, Defendants, and Defendants' counsel also agree that, except as otherwise required by law, they will respond to any inquiries regarding the Agreement from anyone other than members of the Settlement Class, the Court, and the Claims Administrator based on the following guidelines: (1) the Agreement represents resolution of the Actions to the mutual satisfaction of the Settling Parties, and (2) non-disparagement of the Settling Parties and their counsel.

12.3   Notwithstanding the above, the Settling Named Plaintiffs, Co-Class Counsel, all other Plaintiffs' Counsel, Defendants, and Defendants' counsel may make any reports or disclosures regarding this Agreement or the settlement of the Actions as may be required by law and to their respective accountants.

## 13.   MISCELLANEOUS TERMS AND CONDITIONS

13.1   Recitals.  The recitals to this Agreement are true and correct and are incorporated in this Agreement by reference.

13.2   <u>Final Approval Order</u>.   The order granting final approval of the settlement set forth in this Agreement ("Final Approval Order") shall contain findings and rulings to the effect that:

(a)   Members of the Settlement Class who submit a Claim Form to the Claims Administrator thereby indicate their desire to, and agree to, opt-in to the class settlement of FLSA claims.   Accordingly, the submission of a Claim Form shall constitute binding and irrefutable evidence that the Settlement Class member in question desired and intended to, and did, opt into a FLSA settlement and released all claims under the Fair Labor Standards Act of 1938, as amended; and

(b)   The Actions are dismissed with prejudice.

13.3   <u>Right to Participate in FLSA Collective Action</u>.   The Final Approval Order shall also contain a finding that the Actions are the only opportunity for putative members of the Settlement Class to bring or participate in a FLSA claim against the Releasees on a class or collective basis for the time period covered by the Actions, and that therefore, those members of the Settlement Class who performed services for Defendants in a Covered Position, and who fail to either submit a timely Claim Form or a timely Request for Exclusion, shall have forfeited, released and waived, all rights to bring or participate in a collective or class action under the FLSA against the Releasees for the time period covered by the Actions, although any such individual will retain the right to bring an individual action alleging violations of the FLSA.

13.4   <u>No Admission of Liability</u>.   Nothing in this Agreement shall constitute any admission by Defendants of wrongdoing or liability or of the truth of

any factual or legal allegation in any of the Actions. Nothing herein shall constitute an admission by Defendants that any of the Actions were properly brought as a class or representative action other than for settlement purposes. To the contrary, Defendants have denied and continue to deny each and every factual allegation and alleged claim asserted in the Actions, as amended. To this end, the settlement of the Actions, the negotiation and execution of this Agreement, all information discussed or exchanged as part of the settlement of the Actions, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement of the Actions are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual or legal allegations in any of the Actions; and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency, tribunal or otherwise.

13.5 <u>Attorney's Fees, Costs and Expenses</u>. Except as otherwise specifically provided for in this Agreement, each party shall bear its own attorney's fees, costs and expenses, taxable or otherwise, incurred by the party in connection with the Actions.

13.6   <u>Authorization to Enter Into Settlement Agreement</u>.   The respective signatories hereto hereby affirmatively represent that they are fully authorized to enter into this Agreement and bind the Settling Parties hereto to the terms and conditions hereof.

13.7   <u>Cooperation</u>.   The Settling Parties agree to cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, the execution of documents and the taking of such other actions as may reasonably be necessary to implement the terms of this Agreement.   The Settling Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Co-Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of the settlement set forth in this Agreement.

13.8   <u>This Settlement Is Fair, Adequate and Reasonable</u>.   The Settling Parties believe and assert that this Agreement is a fair, adequate and reasonable settlement of the Actions and have arrived at this Agreement after arm's-length negotiations, and in the context of adversarial litigation, taking into account all relevant factors, present and potential.

13.9   <u>Interim Stay of Proceedings</u>.  The Settling Parties agree to the stay of all proceedings in the Actions, except such proceedings as may be necessary to complete and implement the settlement set forth in this Agreement, pending final approval by the Court of said settlement.

13.10 <u>Pennsylvania Law Governs</u>.  This Agreement shall be interpreted and enforced under the laws of the Commonwealth of Pennsylvania without regard to conflict or choice of law principles.

13.11 <u>Jurisdiction of the Court</u>.  Any claim arising out of or relating to this Agreement, or the subject matter hereof, will be resolved solely and exclusively by the Court, and the Settling Parties hereby consent to the personal jurisdiction of the Court over them solely in connection therewith.

13.12 <u>Rules of Construction</u>.   The parties to this Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party, and any uncertainty or ambiguity shall not be interpreted against one party and in favor of the other.

13.13 <u>Entire Agreement</u>.   This Agreement and the attached exhibits constitute the entirety of the Settling Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the

Settling Parties.  The Settling Named Plaintiffs, on their own behalf and on behalf of the Settlement Class, and Defendants, accept entry of this Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Agreement.

13.14 <u>Exhibits Incorporated by Reference</u>.  The terms of this Agreement include the terms set forth in any attached exhibits, which are incorporated by this reference as though fully set forth herein.  Any exhibits to this Agreement are an integral part of the Agreement.

13.15 <u>Amendment or Modification</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Settling Parties or their successors-in-interest.

13.16 <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding upon, and inure to the benefit of, the Settling Parties and their respective successors and assigns.

13.17 <u>Counterparts</u>.  This Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

13.18 <u>Waiver of Right to Be Excluded and Object</u>. The Settling Named Plaintiffs, through their respective counsel, agree to sign this Agreement and by signing this Agreement are thereby bound by the terms herein. For good and valuable consideration, the Settling Named Plaintiffs further agree that they shall not request to be excluded from the Settlement Class and agree not to object to any of the terms of this Agreement. Any such request for exclusion or objection by a Settling Named Plaintiff shall be void and of no force or effect. Efforts by a Settling Named Plaintiff to circumvent the terms of this Section 13.18 shall be void and of no force or effect. The Settling Named Plaintiffs are not required to submit a Claim Form in addition to executing this Agreement, and they will be issued their Individual Settlement Payments at the time the Claims Administrator issues Individual Settlement Payments for other Participating Class Members.

13.19 <u>Waiver of Certain Appeals</u>. The Settling Parties agree to waive all appeals of the approval of the settlement set forth in this Agreement and to stipulate to class certification for purposes of this settlement only; except, however, that the Settling Named Plaintiffs or Co-Class Counsel may appeal any reduction in the Proposed Attorneys Fees Award below the two million five hundred thousand dollars ($2,500,000.00) plus the reimbursement of the Proposed Litigation Expenses up to Twenty-One Thousand Dollars ($21,000) negotiated by the Settling Parties and set forth in this Agreement.

**IT IS HEREBY AGREED:**

HALUNEN & ASSOCIATES

ECKERT SEAMANS CHERIN & MELLOTT, LLC

/s/ Clayton D. Halunen
Clayton D. Halunen
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Fax: (612) 605-4099

/s/ Joel L. Lennen
Joel L. Lennen
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-6000
Facsimile: (412) 566-6099

**ATTORNEYS FOR DEFENDANTS**

-- and --

LEVIN FISHBEIN SEDRAN & BERMAN

/s/ Charles E. Schaffer
Charles E. Schaffer
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Telephone: (215) 592-1500
Fax: (215) 592-4669

**ATTORNEYS FOR PLAINTIFFS,
ROBERT DAVIS, MICHAEL FELTZ,
FELTZ, AND RICHARD HOZIAN**

-- and --

SPIRO MOSS LLP

/s/ Ira Spiro
Ira Spiro
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
**ATTORNEYS FOR PLAINTIFF,
CHARLEE HARGIS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing First Amended Joint Stipulation of Class and Collective Action Settlement and Release on the following counsel of record via the Court's ECF/CM system this 14th day of April, 2010.

Clayton D. Halunen
Halunen & Associates
80 South Eighth Street
1650 IDS Center
Minneapolis, MN  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

Charles Schaffer
Levin, Fishbein, Sedran & Berman
510 Walnut Street – Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Ira Spiro
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

Joseph J. Gigliotti
Gigliotti & Gigliotti, LLP
434 East Chapman Avenue
Fullerton, CA  92832
Telephone: (714) 879-1712
Facsimile: (714) 879-3439

/s/ Adam M. Shienvold
Adam M. Shienvold